REINHARDT, Circuit Judge,
concurring:
I join fully in Judge Fisher’s opinion for the court. Although it answers every legal issue presented to us correctly, I would like to emphasize a few points, mainly to make certain that it is clear that it would not be appropriate for us to resolve in this case any questions regarding the proper policies for our government to follow with respect to the role of contractors in Iraq. Nor, more important, would it be appropriate for us to determine here how the government, or the families of hostages, should deal with any terrorist group or other foreign entities who may hold captive relatives of citizens of the United States.
As to the former issue, it is agreed that the Order issued by the Coalition Provisional Authority governing contractors in Iraq is no longer in effect; nor is there any indication that it will be reinstated by the Coalition or by our government in the future. Under these circumstances, the one plaintiff who tells us that he may someday want to work for a contractor in Iraq has no legal basis for requesting us to rule on a non-existent government policy. Neither Mr. Bjorlin nor we have any idea what our policy may be as to government contractors if and when he ever decides to *416 return to Iraq and is again employed there. Under our longstanding rules, courts simply do not answer hypothetical questions of this kind.
The more troubling and painful question is what the role of our government should be if and when terrorist groups like ISIS or AI Queda capture an American citizen and hold him hostage, and whether the government may, or should, impose any limitation on the rights of the citizen’s family or friends to communicate with that group or pay a ransom. It is significant that the government has told this court that currently there are no policies preventing private individuals from making efforts to secure the release of relatives who are held captive abroad. More important however from the standpoint of the legal rules that govern us, the parties bringing the action — relatives of contractors’ employees “brutally killed,” as Judge Fisher puts it, in the Middle East — seek no damages resulting from that policy but simply seek to have the policy declared unlawful. They ask that the government be enjoined from implementing the policy in the future. Again, even assuming that contrary to what the government tells us, such a policy exists, we cannot under well established legal rules render a decision that will be of no immediate benefit to the individuals bringing the lawsuit. Because the plaintiffs have no relatives currently in the Middle East, or currently in greater danger from terrorist groups than any of the rest of us, we again face only a hypothetical question — the kind that courts do not answer.[1]
For theses reasons, we do not consider the wisdom, let alone the eidstence or the legality, of any government policy regarding how to deal with any terrorist groups that may in the future hold American citizens captive. That is a question that, for now at least, is best left to the American people.[2]

. I do not preclude the possibility that under other circumstances, a court might find it necessary to consider the constitutionality of rules bearing on the subject at issue here. This is not that case, however, and further speculation on this point would be just that— speculation.

. Judge Fisher has correctly ordered that the claims for back pay, life insurance proceeds and government benefits filed by relatives of the murdered contractors be transferred to the Court of Claims. They are properly resolved by that court, not ours.